**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROSEMARY JACKSON JOHNSON INDIVIDUALLY AND AS LEGAL HEIR TO THE ESTATE OF HENRY JOHNSON, DECEASED; SHENNA ROCHELL JOHNSON INDIVIDUALLY, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| MUNDAY CHEVROLET-PONTIAC, INC. A/K/A MUNDAY CHEVROLET, | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ROSEMARY JACKSON JOHNSON INDIVIDUALLY AND AS LEGAL HEIR TO THE ESTATE OF HENRY JOHNSON, DECEASED; SHENNA ROCHELL JOHNSON, INDIVIDUALLY hereinafter referred to as "Plaintiffs," and file this Original Complaint against MUNDAY CHEVROLET-PONTIAC, INC. A/K/A MUNDAY CHEVROLET hereinafter referred to as "Defendant," and states the following:

**A. Parties**

1.     Plaintiff Rosemary Jackson Johnson is the surviving spouse of Henry Johnson, deceased.  She resides in and is a citizen of Chicago, Illinois.

2.     Plaintiff Shenna Rochell Johnson is the surviving daughter of Henry Johnson, deceased.  She resides in and is a citizen of Grand Prairie, Texas.

3.      Defendant Munday Chevrolet-Pontiac, Inc. a/k/a Munday Chevrolet is a Texas company and service of process upon this Defendant may be had by serving its registered agent for service, William T. Green, III at 11 Greenway Plaza, Suite 2820, Houston, Texas 77046.

## B. Jurisdiction

4.      This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## C. Facts

5.       On June 19, 2010, Henry Johnson and his wife were traveling eastbound on IH 30 when the left rear tire tread separated. This tire separation caused the driver to lose control and rollover. The driver, Mr. Johnson, was killed.  Mr. Johnson was driving a 2002 GMC Yukon (VIN # 3GKFK16Z12G293636).  At the time of the rollover, the vehicle had 95,378 miles recorded by the investigating trooper.

6.      On June 11, 2010, Mr. Johnson received a state inspection sticker at Defendant's facility and his vehicle had 94,474 miles recorded.  On the same date, Mr. Johnson's vehicle underwent a multi-point vehicle inspection.  On June 11, 2010, Mr. Johnson's tires were identified as having no unusual wear pattern, no need for alignment and were designated as code yellow which indicated attention soon.

7.      On June 8, 2010, Mr. Johnson had taken the same vehicle in to Defendant's facility where the vehicle was registered with 94,380 miles and a front and rear brake job along with a multi-point vehicle inspection was performed.  This time the tires were coded as green meaning ok and no unusual wear pattern or alignment issue was noted as being necessary.

## D.  Cause(s) Of Action As To Defendant

8.      Defendant was negligent in several different respects:

A.      Failing to properly inspect the tires.
B.      Failing to identify that the serial side shoulder is wearing faster between 4:00-6:00. At 4:30, the tire is worn to 1/32 which should have required a new tire and no issuance of a state inspection sticker.

C.     Failing to identify a cut/puncture in the serial side shoulder that was improperly repaired in violation of RMA standards. The cut/puncture was outside the allowable repair area and the tire should have been taken out of service and the inspection sticker should have been denied.

D.     Failing to properly conduct multi-point vehicle inspections.

E.     Failing to identify improper tire wear patterns.

F.     Failing to have skilled and experienced tire and vehicle inspectors that are trained in identifying risks, hazards and dangers of tire wear pattern and improper repairs.

G.     Defendant had two separate occasions to identify the dangers of the tire and failed both times.

H.     Defendant's negligence was the proximate cause of the tire failure, the loss of control, the rollover, the death of Mr. Johnson and the damages to the Plaintiffs.

### E. Damages to Plaintiffs

9.     As a result of the acts and/or omissions of Defendant, Plaintiff Henry Johnson suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through his estate.

10.     As a result of the acts and/or omissions of Defendant, Plaintiffs Rosemary Jackson Johnson and Shenna Rochell Johnson have suffered:  loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the fatal injuries to Henry Johnson.

11.     As a result of the acts and/or omissions of Defendant, Plaintiffs Rosemary Jackson Johnson and Shenna Rochell Johnson have suffered a loss of inheritance of the assets that Henry Johnson, in reasonable probability, would have added to the estate and left at natural death to Plaintiffs.

12.     As a result of the acts and/or omissions of Defendant, Plaintiff Rosemary Jackson Johnson has become obligated to pay reasonable and necessary medical, funeral, and burial expenses as a result of the fatal injuries to her husband, Henry Johnson.

13.     The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Plaintiff Henry Johnson, has caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

14.     For these reasons, Plaintiffs ask for judgment against Defendant for:

   a.     actual damages;
   b.     prejudgment and post-judgment interest beginning June 19, 2010;
   c.     costs of suit; and
   d.     all other relief the court deems proper.

Respectfully submitted,

**The TRACY firm**

/s E. Todd Tracy _____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
I. Scott Lidji
State Bar No. 24000336
slidji@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**